UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAHUL D. MANCHANDA, ESQ.

               Plaintiff,

v.

ATTORNEY GRIEVANCE COMMITTEE FOR
THE FIRST JUDICIAL DEPARTMENT,
ROLANDO ACOSTA, REMI SHEA, and
JORGE DOPICO,

               Defendants.

**NOTICE OF REMOVAL**

ECF CASE

Docket No.:

---

TO THE CLERK OF COURT

    PLEASE TAKE NOTICE that Rahul D. Manchanda, Esq., by and through his undersigned counsel, herby remove the case with the Docket No.: 2021.1336 from the Attorney Grievance Committee, Supreme Court, Appellate Division, First Judicial Department of the State of New York, County of New York pursuant to 28 U.S.C. § § 1331 and 1441, and state as follows:

1. On September 13, 2021, Mr. Rahul D. Manchanda, Esq. was served a letter by the Attorney Grievance Committee, State of New York, Supreme Court Appellate Division, regarding a *sua sponte* Investigation with a Docket Number 2021.1336. **(Exhibit A, Attorney Grievance Committee Letter dated September 13, 2021)**.

2. More specifically, the Committee explains it has initiated a *sua sponte* investigation "*into your professional conduct out of a concern for the language you have been using in recent*

*complaints filed with the Attorney Grievance Committee and with the Human Rights Council. At the very least, this language is intemperate. At its worst, this language can reasonably be viewed as racist and anti-Semitic."* **("Exhibit A")**.

3. On January 14, 2022, Mr. Manchanda's attorney, Kelly McCollum, filed an Answer in reply to the Attorney Grievance Committee Letter regarding a *sua spone* investigation. **(Exhibit B, Answer by Kelly McCollum dated January 14, 2022)**.

4. In summary of Ms. McCollum's Answer on behalf of her client states as follows: Mr. Manchanda has a constitutionally protected right to express his views without censorship or punishment by State agencies as he does so in good faith and in his personal capacity not in the representation of any clients. His statements are afforded the same level of constitutional protection as would the statements of a non-lawyer. The imposition of discipline upon Mr. Manchanda would constitute an impermissible violation of due process – a further infringement upon Mr. Manchanda's Constitutional rights. **("Exhibit B")**.

5. On Friday, February 28, 2022, Ethics attorney, Kelly McCollum, representing, Plaintiff, Rahul Manchanda, on fee disputes before the Attorney Grievance Committee, emailed a *Judicial Subpoena Ad Testificandum*, dated the same day, commanding Plaintiff to appear and attend before the Attorney Grievance

Committee for the First Judicial Department on the 25th day of February 2022, at 10:00 AM. (**Exhibit C, *Judicial Subpoena Ad Testificandum*, dated February 18, 2022**).

6. Plaintiff humbly seeks removal of the Attorney Grievance Committee, Supreme Court of the State of New York, Appellate Division: First Judicial Department Action to this Court pursuant to 28 U.S.C. § 1441(a) on the ground that it is an action over which this Court would have original federal question jurisdiction.

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) as it is filed within thirty (30) days after Defendants were served by Plaintiffs with the *Judicial Subpoena Ad Testificandum.*

8. No prior application for this relief has been made.

9. Pursuant to 28 U.S.C. § 1446(d), Plaintiff will promptly give written notice of this Notice of Removal to Defendants and will file a copy of this Notice of Removal with the clerk of the court, Susanna Molina Rojas, in which the New York State Court *Judicial Subpoena Ad Testificandum* is pending.

WHEREFORE, Plaintiff requests that this civil action be removed from the Attorney Grievance Committee, Supreme Court, Appellate Division, First Judicial Department of the State of New

York, County of New York, to the United States District Court for
the Southern District of New York.

    Dated: New York, New York

        March 1, 2022

                           Respectfully,

                           ___ /S/ Luis Trujillo ___
                           Luis Trujillo, Esq.
                           Manchanda Law Office PLLC
                           30 Wall Street, 8th Floor
                           Suite 8207
                           New York, NY 10005
                           Tel: (212) 968-8600
                           Mob: (646) 645-0993
                           Fax: (212) 968-8601

To:  Attorney Grievance Committee
     Supreme Court, Appellate Division
     First Judicial Department
     180 Maiden Lane
     17th Floor
     New York, NY 10038
     Tel: (212) 401-0800

# EXHIBIT A

# ATTORNEY GRIEVANCE COMMITTEE
## STATE OF NEW YORK
### SUPREME COURT APPELLATE DIVISION
### 180 MAIDEN LANE · 17TH FLOOR
### NEW YORK, NEW YORK 10038
### (212) 401-0800
### EMAIL: AD1-AGC@NYCOURTS.GOV

**ROBERT J. ANELLO**
**ABIGAIL T. REARDON**
CHAIRS

**RICARDO E. OQUENDO**
**MILTON L. WILLIAMS, JR.**
VICE CHAIRS

**JORGE DOPICO**
CHIEF ATTORNEY

DEPUTY CHIEF ATTORNEY
ANGELA CHRISTMAS
NAOMI F. GOLDSTEIN
VITALY LIPKANSKY
RAYMOND VALLEJO

STAFF ATTORNEYS
DANIEL D. BAEK
SEAN A. BRANDVEEN
KEVIN P. CULLEY
KEVIN M. DOYLE
PETER M. HERTZOG
KELLY A. LATHAM
JUN H. LEE
THOMAS M. LEE
NORMA I. LOPEZ
NORMA I. MELENDEZ
ELISABETH A. PALLADINO
KATHY W. PARRINO
ORLANDO REYES
YVETTE A. ROSARIO
REMI E. SHEA
DENICE M. SZEKELY

September 13, 2021

PERSONAL AND CONFIDENTIAL

Rahul D. Manchanda, Esq.
30 Wall Street, Suite 8207
New York, NY 10005
info@manchanda-law.com
*Sent By Email Only*

Re:   *Sua Sponte* Investigation
      Docket No. 2021.1336

Dear Mr. Manchanda:

The Committee has initiated a *sua sponte* investigation into your professional conduct out of a concern for the language you have been using in recent complaints filed with the Attorney Grievance Committee and with the Human Rights Council. At the very least, this language is intemperate. At its worst, this language can reasonably be viewed as racist and anti-Semitic.

Specifically, in a complaint to the Attorney Grievance Committee against attorney Kenneth Baum, dated February 24, 2021, you wrote, "The problem is, that it is mostly these German-Jewish American attorneys, such as Kenneth Baum, who actually do aid and abet criminal and unethical acts and conspiracies…that truly engage in criminal and unethical acts…." You continued, "like other predominately Jewish bully lawyers that I have litigated against with their 'Jewish privilege,' money, connections, long history in the USA, and power…." **(Exhibit A)**

Thereafter, in your May 19, 2021 general complaint filed with several agencies, including the Attorney Grievance Committee, you wrote, "There are way too many Jewish judges in the federal and state judiciary… and this has a devastatingly negative effect on non-Jews or people who are in legal conflicts with other Jews." You continued, "It is so bad in NYC that other races have to…bow, bend, scrape, beg, kneel, and know-tow to the Jews and their political views…." Further, you wrote, "Even the blacks are over

*Sua Sponte* Investigation
Docket No. 2021.1336
Page 2

represented in the New York City judiciary, but this is because they, by and large, are completely and totally beholden, serve, and do the bidding of their Jewish master/overlords/supervising judges...." **(Exhibit B)**

Most recently, in a complaint to the Human Rights Council, which you provided to the Attorney Grievance Committee, dated July 24, 2021, you wrote that "Jewish organized crime has become the only real force in the USA after their massive takedown in the 1990s of the Italian-American based organized crime networks, and their Irish counterparts decades prior. Now however, Jewish organized crime/terrorism/money power has succeeded in corrupting through bribery, reputation/character assassination, mass surveillance, media ownership, and complete top down political corruption in the executive, legislative, and judicial branches of the United States government, both federal, state, and local, wherein if they do not targe/punish individual(s) directly, use African-American "stand-ins" that they have elevated to those positions of governmental power through campaign donations, election fraud, lobbying, other mechanisms to carry out their destruction of American citizens or residents who are against Jewish/Israeli domestic and foreign policies and value systems. This has rendered USA into the former USSR." **(Exhibit C)**

The above statements raise ethical concerns, including, but not limited to potential violations of Section 8.4(h) of the New York Rules of Professional Conduct.

You must submit to us a written response to this matter within twenty (20) days of this letter. Your response should address the specific language set forth in this letter, with any supporting documents or other evidence. Please contact Staff Attorney, Remi E. Shea at reshea@nycourts.gov if you have any questions or concerns about this matter.

Please be further advised that your failure to cooperate with this investigation constitutes other independent misconduct which may result in a motion for your immediate suspension from the practice of law.

Very truly yours,

Jorge Dopico
Chief Attorney

RES:cmn
Enc.

# EXHIBIT - A

(Rev. 7.30.2020)

**ATTORNEY GRIEVANCE COMMITTEE**
Supreme Court, Appellate Division
First Judicial Department
180 Maiden Lane, 17th Floor
New York, New York 10038
(212) 401-0800

**JORGE DOPICO**
**Chief Attorney**

Email Complaint and Attachments to: AD1-AGC-newcomplaints@nycourts.gov. In addition, please send **one copy** of your complaint and attachments **by regular mail** to the above address. (If you do not have a personal email account, please send two (2) complete sets of your complaint and all attachments. There may be a delay in processing your matter if it is not emailed. Please **do not** include any original documents because we are unable to return them.)

**Background Information**

Today's Date: 02/24/2021

Your Full Name: (Mr. Ms. Mrs.)  RAHUL MANCHANDA, ESQ.

Address: 30 WALL STREET, 8TH FLOOR, SUITE 8207

City: NEW YORK          State: NY          Zip Code: 10005

Cell Phone: 646-645-0993          Business/Home Phone: 212-968-8600

Email Address: INFO@MANCHANDA-LAW.COM

Are you represented by a lawyer regarding this complaint? Yes [ ]  No [✔]  If Yes:

Lawyer's Name: _____

Address: _____

City: _____   State: _____   Zip Code: _____

Business Phone: _____   Cell Phone: _____

**Attorney Information**

Full Name of Attorney Complained of: (Mr. Ms. Mrs.)  KENNETH BAUM REG NO 2526408

Address: 167 Main St

City: Hackensack          State: NJ          Zip Code: 07601-7150

Business Phone: (201) 853-3030          Cell Phone: _____

Email Address: kbaum@kenbaumdebtsolutions.com

It is becoming a serious and severe problem by bottom-feeder loser attorneys like Kenneth Baum to, instead of intelligently responding to my legal arguments in court or in pleadings, especially in situations where I am winning, like in the current federal case that I am litigating Manchanda v ECMC Student Loan Collections, 1:19-CV-05121, that they will publicly and privately try to humiliate, slander, defame, smear, and libel me personally, using the false allegation that "I have been accused of violent criminal conduct" stemming from what this Committee remembers was the false allegation by Kate Bose back in 2013/2014 and which appeared in the NY Post, and for which Kate Bose signed a notarized document presented to the Manhattan District Attorney and the universe, that she completely and totally lied about that, because she was angry that I would not marry her, or that I would not give her my apartment and all the contents inside it.

The problem is, that it is mostly these German-Jewish American attorneys, such as Kenneth Baum, who actually do aid and abet criminal and unethical acts and conspiracies such as what is currently being perpetrated by ECMC student loans as outlined in my case, that truly engage in criminal and unethical acts, are bullies, and only do this to smear and hurt me because they are losing their case, and want to diminish me dishonestly in this manner.

They also routinely state in court papers that I always "file frivolous lawsuits," even though I have changed the world for the better with my massive lawsuits against Google, Planned Parenthood, and other corporate behemoths and individual bullies, in my multiple civil rights cases, fighting against other acts of massive injustice, because not many people have either the courage, money, or training to take them on for free, like I do.

This needs to be investigated and Kenneth Baum, like other predominantly Jewish bully lawyers that I have litigated against, with their "Jewish privilege," money, connections, long history in the USA, and power, need to be disciplined as aggressively as possible.

Unfortunately, many of the corrupt judges on the SDNY and NYS Supreme Court (mainly Jewish and/or Blacks who work for them) have echoed these sentiments, further bullying me and trying to drive me into the dirt for speaking truth to power.

It's no different than when I was a little brown Indian kid on the playground, and would stand up to Jewish bullies on the block, and get my nose bloodied once in a while.

Please investigate, advise, and assist.

Date(s) of Representation/Incident: 02/24/2021

Have you filed a civil or criminal complaint against this attorney? Yes ☐ No ☑ If Yes:

If yes, name of case (if applicable): _____

Name of Court: _____

Index Number of Case (if known): _____

Have you filed a complaint concerning this matter with another Grievance Committee, Bar Association, District Attorney's Office, or any other agency? Yes ☐ No ☑

If yes, name of agency: _____

Action taken by agency, if any: _____


**Details of Complaint**

Please describe the alleged misconduct in as much detail as possible including what happened, where and when, the names of any witnesses, what was said, and in what tone of voice, etc. Use additional sheets if necessary.

See attached complaint/statement.

Complainant's Signature (Required): _____

# EXHIBIT - B

# TOO MANY JEWS IN THE NEW YORK CITY FEDERAL AND STATE JUDICIARY

## RAHUL MANCHANDA, ESQ <RDM@MANCHANDA-LAW.COM>

Wed 5/19/2021 10:03 PM

To: antitrust.complaints@usdoj.gov <antitrust.complaints@usdoj.gov>; antitrust@ftc.gov <antitrust@ftc.gov>; antitrust.atr@usdoj.gov <antitrust.atr@usdoj.gov>; COMP-GREFFE-ANTITRUST@ec.europa.eu <COMP-GREFFE-ANTITRUST@ec.europa.eu>; cjc@cjc.ny.gov <cjc@cjc.ny.gov>; 15182991757@efaxsend.com <15182991757@efaxsend.com>; AD1-AGC-newcomplaints <AD1-AGC-newcomplaints@nycourts.gov>; AD1-AGC <AD1-AGC@nycourts.gov>; Lauren Cahill <lcahill@nycourts.gov>; Tina Marie Nardelli <tnardelli@nycourts.gov>; CP@ohchr.org <CP@ohchr.org>; 01141229179011@efaxsend.com <01141229179011@efaxsend.com>; 0113222964335@efaxsend.com <0113222964335@efaxsend.com>; stateaidgreffe@ec.europa.eu <stateaidgreffe@ec.europa.eu>; 0113222961242@efaxsend.com <0113222961242@efaxsend.com>; john.fazzio@gmail.com <john.fazzio@gmail.com>; jfazzio@fazziolaw.com <jfazzio@fazziolaw.com>; cgibbons@fazziolaw.com <cgibbons@fazziolaw.com>; adembia@fazziolaw.com <adembia@fazziolaw.com>; jboulton@fazziolaw.com <jboulton@fazziolaw.com>

📎 1 attachments (333 KB)
HRCComplaintProcedureForm.pdf;

Citizen Complaint Center
Antitrust Division
950 Pennsylvania Ave., NW
Room 3322
Washington, DC 20530

U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Office of the Assistant Attorney General, Main
Washington, D.C. 20530

New York State Commission on Judicial Conduct
61 Broadway
Suite 1200
New York, New York 10006

New York State Attorney Disciplinary Committee First Department
180 MAIDEN LANE
17TH FLOOR
NEW YORK, NY 10038
(212) 401-0800

Complaint Procedure Unit
Human Rights Council Branch
Office of the United Nations High Commissioner for Human Rights
United Nations Office at Geneva
CH-1211 Geneva 10, Switzerland

European Commission

Secretary-General
B-1049 Brussels
BELGIUM

European Commission
Directorate General for Competition
State aid Registry
B-1049 Brussels
Belgium

## RE: TOO MANY JEWS IN THE NEW YORK CITY FEDERAL AND STATE JUDICIARY

As a practicing minority race (Indian-American) lawyer in New York City (Manhattan) for the past nearly 20 years, appearing in court as both a lawyer and a litigant, it is just a simple fact that there way too many Jewish Judges in the federal and state judiciary, in nearly every courthouse, and this has a devastatingly negative effect on non-Jews or people who are in legal conflicts with other Jews, in New York City throughout the 5 boroughs.

As harsh as it sounds, but someone needs to say it, because if there was ever an Anti-Trust Division to break up monopolies within the Judiciary, New York City should have been charged under the Sherman Act a hundred years ago.

It is so bad in New York City, that other races, in order to have even a small chance of success in their chosen specialty or profession within the law, have to literally and figuratively bow, bend, scrape, beg, kneel, and kow-tow to the Jews and their political views and world outlook within the court system (even the clerks and low level administrative staff) so as not to be arbitrarily harassed, sabotaged, obstructed in their pursuit of justice, prematurely have your case dismissed, or be eternally tortured by an opposing Jewish litigant with no case/no evidence without being able to get the case dismissed or getting bankrupted or murdered in the process from so much stress, and much more.

I have always supported Jews and Israel my whole life, as I support all humanity and human rights and civil rights, but enough is enough - this is too much.

Please investigate and break up the obscene over-representation of Jews within the federal and state judiciary, in all of the courts in New York City within the 5 boroughs (family courts, civil courts, supreme courts, criminal courts, federal courts, all districts, courts of appeals) and please for God's sake install other races, religions, nationalities, in an equal amount.

Even the blacks are over-represented in the New York City judiciary, but this is because they, by and large, are completely and totally beholden, serve, and do the bidding of their Jewish masters/overlords/supervising judges (their new trick lately is to make a Jewish judge the lower "Magistrate" to the Black higher "Judge," but it is quite obvious that even the Jewish judge "subordinate" is the one writing the legal opinions, calling the shots, and is in complete and total control of the outcome).

Please urgently investigate and advise.

Kind regards,

# EXHIBIT - C

# Human Rights Council

## Complaint Procedure Form

- You are kindly requested to submit your complaint in writing in one of the six official UN languages (Arabic, Chinese, English, French, Russian and Spanish) and to use these languages in any future correspondence;
- Anonymous complaints are not admissible;
- It is recommended that your complaint does not exceed eight pages, excluding enclosures.
- You are kindly requested not to use abusive or insulting language.

### I. Information concerning the author (s) of the communication or the alleged victim (s) if other than the author

Individual ☒         Group of individuals ☒         NGO ☐         Other ☐

Last name: ......... MANCHANDA
First name(s): ............. RAHUL
Nationality: ......... INDIAN-AMERICAN US CITIZEN
Address for correspondence on this complaint: ........... 30 WALL STREET, 8TH FLR, NYC 10005
Tel and fax: (please indicate country and area code) .......... (212) 968-8600/8601
E-mail: .......... INFO@MANCHANDA-LAW.COM
Website: .......... www.manchanda-law.com

Submitting the complaint:

On the author's own behalf: ☒
On behalf of other persons: ☐ (Please specify: ....................) Similarly situated individuals in the
USA.

### II. Information on the State concerned

Name of the State concerned and, as applicable, name of public authorities responsible for the alleged violation(s): .............. New York City, NY Los Angeles CA, Washington DC, Chicago IL, Boston MA, Miami FL USA

### III. Facts of the complaint and nature of the alleged violation(s)

**The complaint procedure addresses consistent patterns of gross and reliably attested violations of all human rights and all fundamental freedoms occurring in any part of the world and under any circumstances.**

1

Please detail, in chronological order, the facts and circumstances of the alleged violations including dates, places and alleged perpetrators and how you consider that the facts and circumstances described violate your rights or that of the concerned person(s).

.............................................................................................................

As we have reported before to your Committee, Jewish organized crime has become the only real force in the USA after their massive takedown in the 1990s of the Italian-American based organized crime networks, and their Irish counterparts decades prior. Now however, Jewish organized crime/terrorism/ money power has succeeded in corrupting through bribery, cronyism, threats, intimidation, blackmail, extortion, harassment, economic boycotts, reputation/character assassination, mass surveillance, media ownership, and complete top down political corruption in the executive, legislative and judicial branches of the United States government, both federal, state and local, wherein if they do not target/ punish individual(s) directly, use African-American "stand-ins" that they have elevated to those positions of governmental power through campaign donations, election fraud, lobbying, other mechanisms to carry out their destruction of American citizens or residents who are against Jewish/ Israeli domestic and foreign policies and value systems. This has rendered USA into the former USSR.

### IV. Exhaustion of domestic remedies

1- Steps taken by or on behalf of the alleged victim(s) to exhaust domestic remedies— please provide details on the procedures which have been pursued, including recourse to the courts and other public authorities as well as national human rights institutions[*], the claims made, at which times, and what the outcome was:

...................... Courts from state to federal, letters to senators/congress/President, written books, various online news media periodicals, lawsuits, various human rights organizations.
2- If domestic remedies have not been exhausted on grounds that their application would be ineffective or unreasonably prolonged, please explain the reasons in detail:

.............................. They have been exhausted, but the problem is while private human rights organizations/NGOs were corrupted long ago through donations/money, government agencies have now also been corrupted in the same manner.

### V. Submission of communication to other human rights bodies

1- Have you already submitted the same matter to a special procedure, a treaty body or other United Nations or similar regional complaint procedures in the field of human rights?

.............. Similar complaints, but not exactly the same as this one.

2- If so, detail which procedure has been, or is being pursued, which claims have been made, at which times, and the current status of the complaint before this body:

.............................. See above; unknown status, I have heard that the UN is sending investigators to the USA to investigate racism/discrimination, but hopefully USDOJ Chief Merrick Garland and US Secretary of State Antony Blinken don't sabotage/ thwart investigations and progress (or try and misdirect/oversimplify, claiming that only whites discriminate against blacks).

[*] National human rights institutions, established and operating under the Principles Relating to the Status of National Institutions (the Paris Principles), in particular in regard to quasi-judicial competence, may serve as effective means of addressing individual human rights violations.

## VI. Request for confidentiality

In case the communication complies with the admissibility criteria set forth in Council resolution 5/1, kindly note that it will be transmitted to the State concerned so as to obtain the views of the latter on the allegations of violations.

Please state whether you would like your identity or any specific information contained in the complaint to be kept confidential.

Request for confidentiality (*Please tick as appropriate*):    Yes ☐         No ☒

Please indicate which information you would like to be kept confidential

07/24/2021
Date: .....................

Signature: ..........................

N.B. The blanks under the various sections of this form indicate where your responses are required. You should take as much space as you need to set out your responses. Your complaint should not exceed eights pages.

## VII. Checklist of supporting documents

Please provide copies (not original) of supporting documents (kindly note that these documents will not be returned) in one of the six UN official languages.

- Decisions of domestic courts and authorities on the claim made (a copy of the relevant national legislation is also helpful): ☒

- Complaints sent to any other procedure mentioned in section V (and any decisions taken under that procedure): ☒

- Any other evidence or supporting documents deemed necessary: ☒

## VIII. Where to send your communications?

Office of the United Nations High Commissioner for Human Rights
Human Rights Council Branch-Complaint Procedure Unit
OHCHR- Palais Wilson
United Nations Office at Geneva
CH-1211 Geneva 10, Switzerland
Fax: (+41 22) 917 90 11
E-mail: CP@ohchr.org
Website: http://www.ohchr.org/EN/HRBodies/HRC/Pages/HRCIndex.aspx

3

# EXHIBIT B

·L A W   O F F I C E   O F ·
# KELLY McCOLLUM

~~295 Madison Ave., 12ᵗʰ Floor~~ | ~~New York, NY 10017~~ | kelly@law-mccollum.com
Tel. 646-704-3490 | Fax 360-937-6985
Address during COVID: PO BOX 432, OLD LYME, CT 06371

January 14, 2022

**By Email**
Remi E. Shea, Esq.
Staff Attorney
Attorney Grievance Committee
Supreme Court, Appellate Division
First Judicial Department
180 Maiden Lane, 17ᵗʰ Floor
New York, NY 10038

> Re:   My Client, Rahul Manchanda, Esq;
>        The Committee's *Sua Sponte* Investigation
>        Docket No. 2021.1336.

Dear Ms. Shea:

## I.    Introduction.

This Answer is respectfully submitted to the Committee's above-captioned *sua sponte* investigation of my client, Mr. Manchanda. The Committee's opening letter dated September 13, 2021 alleges that Mr. Manchanda's statements in various complaints filed with government agencies are "at the very least, intemperate" and could, "at … worst, … reasonably be viewed as racist and anti-Semitic." The Committee's letter asserts that Mr. Manchanda's statements "raise ethical concerns"; and the Committee cites, without exclusion, New York Rule of Professional Conduct 8.4(h), which is a catch-all provision that simply provides: "A lawyer or law firm shall not … engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer."

To summarize our position herein, the Committee's investigation should be closed without further action because:

> (1) Mr. Manchanda believes in good faith that the statements made by him in his complaints are true.
>
> (2) Mr. Manchanda was neither representing any client nor appearing as a lawyer before any tribunal in connection with the complaints that are the subject of the Committee's

Remi Shea, Esq.
January 14, 2022
Page 2

investigation –and, as such, the contents, tone, or "temper" of the complaints are of limited relevance to any evaluation of Mr. Manchanda's conduct or fitness as a lawyer.

(3) Mr. Manchanda has a constitutionally-protected right to express his views without censorship or punishment by State agencies.  Indeed, Mr. Manchanda's statements at issue in the Committee's investigation are "core political speech" which is afforded the highest level of constitutional protection, i.e., strict scrutiny.

(4) Because Mr. Manchanda's views were expressed in an extrajudicial context and not in his capacity as a lawyer, his statements are afforded the same level of constitutional protection as would the statements of a non-lawyer.

(5) To the limited extent that Mr. Manchanda's freedom of expression might be counterbalanced by the right of the State to regulate the legal profession – which we believe it would not be din this extrajudicial context – it is well recognized that a lawyer's criticism of the judicial system is a crucial freedom that is to be particularly protected.

(6) There is no disciplinary Rule which prohibits the expression of good-faith political views by a lawyer in the context of a complaint filed with government agencies in the lawyer's individual capacity, even where such views may be controversial or may be viewed as "intemperate" or even racist or anti-Semitic – and any such rule would clearly amount to an unconstitutional infringement on free speech protections.

(7) The Rule cited in the Committee's opening letter, Rule 8.4(h), is a non-specific "catch-all" provision which does not afford notice of prohibited conduct and should not serve as the basis for the imposition of discipline against Mr. Manchanda.

(8) In the absence of any Rule prohibiting Mr. Manchanda's conduct, the imposition of discipline upon Mr. Manchanda would constitute an impermissible violation of due process – a further infringement upon Mr. Manchanda's constitutional rights.

For all of these reasons, as discussed herein, we respectfully submit that the Committee's *sua sponte* investigation should be closed without further action.

**II.    Mr. Manchanda's Statements In His Complaints Are Based Upon His Good Faith Beliefs And Do Not Reflect Adversely On His Fitness As A Lawyer.**

The Committee's investigation is focused on the following three complaints filed by Mr. Manchanda:

(1) The Committee's opening letter focuses, *first*, on Mr. Manchanda's February 24, 2021 Complaint to the Committee itself, against attorney Kenneth Baum, Esq.. Mr. Baum is an attorney representing Mr. Manchanda's adversary in a federal court

Remi Shea, Esq.
January 14, 2022
Page 3

case Mr. Manchanda filed on a pro se basis against ECMC Student Loan Collections, seeking legal redress for deceptive business practices amongst other state and federal claims. The essence of Mr. Manchanda's complaint against Mr. Baum is that, rather than respond to the merits of Mr. Manchanda's legal arguments, and because Mr. Baum is losing the case, Mr. Baum has attempted to publicly humiliate and smear Mr. Manchanda by referencing past *false* allegations that Mr. Manchanda engaged in violent criminal conduct.

The Committee's opening letter focuses on the following language in Mr. Manchanda's February 24, 2021 Complaint (and the italicized language in the quote below was included in Mr. Manchanda's complaint [emphasis added] but notably *omitted* from the Committee's opening letter):

> "The problem is, that it is mostly these German-Jewish American attorneys, such as Kenneth Baum, who actually do aid and abet criminal and unethical acts and conspiracies *such as what is currently being perpetrated by ECMC student loans as outlined in my case,* that truly engage in criminal and unethical acts, *are bullies, and only do this to smear and hurt me because they are losing their case, and want to diminish me dishonestly in this manner.*"

We respectfully submit that the italicized language in the above quote, although omitted from the Committee's opening letter, is crucial to a fair reading of Mr. Manchanda's complaint. The addition of the italicized language confirms that Mr. Manchanda is referring to specific conduct by Mr. Baum which Mr. Manchanda believes is unethical and merits investigation and sanction.[1]

Mr. Manchanda's implication that Mr. Baum is part of a group of "these German-Jewish American attorneys" who behave in the way Mr. Baum allegedly has, may make the Committee uncomfortable, and may not be particularly relevant to the Committee's assessment of the allegations against Mr. Baum – but this represents Mr. Manchanda's good faith belief and he is free to express that view without fear of punishment by the State.[2]

---

[1] Mr. Manchanda's reference to Mr. Baum aiding and abetting his clients' "criminal and unethical acts and conspiracies" was intended as a counterpoint to Mr. Baum's allegations concerning Mr. Manchanda's supposed criminal conduct. Support for Mr. Manchanda's allegations against Mr. Baum's clients has been filed in the federal court case, and can be provided to the Committee upon request or viewed on PACER. Mr. Manchanda used the term 'aiding and abetting' to refer to Mr. Baum's representation of his client, particularly in the context of Mr. Baum engaging in what Mr. Manchanda believes is ethically unsound conduct in an effort to avoid losing the client's case, as set forth in Mr. Manchanda's complaint.

[2] Surely the Committee is accustomed to complainants, such as Mr. Manchanda, sometimes providing information or opinions in their complaints that may not be relevant to the Committee's

Remi Shea, Esq.
January 14, 2022
Page 4

(2) The Committee's opening letter focuses, *second*, on Mr. Manchanda's May 19, 2021 complaint filed with the various government agencies, including the Grievance Committee.  This Complaint is entitled "TOO MANY JEWS IN THE NEW YORK CITY FEDERAL AND STATE JUDICIARY."

As to this Complaint, also, Mr. Manchanda believes that his views expressed therein are true, and these views are based upon Mr. Manchanda's own experiences as an Indian-American litigant and attorney of two decades in New York's city, state and federal judiciaries.  Again, Mr. Manchanda's views may make the Committee uncomfortable, but the expression of unpopular or "intemperate" social and political views is no basis for imposing discipline upon Mr. Manchanda.

In particular, it has been Mr. Manchanda's experience as both a litigant and a lawyer in New York that non-Jewish, and particularly minority, litigants such as Mr. Manchanda  are at a disadvantage in the legal system because of the predominance of Jewish lawyers and judges.

It should be noted that Mr. Manchanda's observation about the overrepresentation of Jewish people in New York's legal system is neither new nor scandalous, as the Committee's response would suggest.   *See, e.g.,* Eli Wald, Jewish Lawyers and the U.S. Legal Profession: The End of the Affair?; Touro Law Review, Vol. 36, No. 1 [2020], Art. 19:

> "Scholars of the legal profession have long puzzled over the apparent affinity between Jewish lawyers and the law, in and outside of the United States … This article advances a new explanation to account for the overrepresentation of Jewish lawyers in the U.S. legal profession in the twentieth century …
>
> … the love affair of Jews and American law is to an extent a story of New York City Jews and the practice of law in that city ….  Consider the following statistics regarding the overrepresentation of Jewish lawyers compared to the percentage of Jews in the City's population. In 1885, there were about 5,000 lawyers in New York City, of whom about 400 were Jewish. Yet by 1960, the New York City Bar was slightly over 60% Jewish, significantly higher than their percentage in the City's population. With regard to overrepresentation in positions of power and influence, before 1945, there were essentially no large elite Jewish law firms in New York

---

assessment of the ethical issues involved. And surely Mr. Manchanda, as a *pro se* litigant and complainant before the Committee, should not be subject to discipline against his law license, merely for providing the committee with superfluous context which he believes in good faith to be true.

Remi Shea, Esq.
January 14, 2022
Page 5

City, and every member of the elite club was a large White-Anglo-Saxon-Protestant ("WASP") law firm. Most Jewish lawyers were concentrated in the lower spheres of the city's bar as solo practitioners and members of small law firms. By the mid-1960s, however, this reality had changed significantly. Growing much faster than the WASP firms, the Jewish firms had caught up with the WASP firms, attained elite status, and accounted for six of the twenty largest law firms in New York City." (Footnotes with source citations omitted.)

The underrepresentation of minority races in the New York legal profession is likewise well documented.    *See, e.g.,* http://documents.nycbar.org/files/BenchmarkingReport2016.pdf.

Certain of the language used by Mr. Manchanda (such as Mr. Manchanda referring to black judges "do[ing] the bidding" of Jewish "masters") might well be viewed as numb to historical cultural sensitivities. But Mr. Manchanda is not required to sugar-coat his political views to make them more palatable.

(3) The Committee's opening letter focuses, *third,* on Mr. Manchanda's July 24, 2021 complaint to the Human Rights Counsel, and provided by Mr. Manchanda to the Committee. This Complaint focuses on Mr. Manchanda's concerns about Jewish organized crime having become a dominant source of power in the United States, and about that organized crime having corrupted federal, state and local political institutions (including the judiciary) to "carry out their destruction of American citizens or residents who are against Jewish/Israeli domestic and foreign policies and value systems."

The views expressed by Mr. Manchanda in his July 24, 2021 complaint are, again, representative of Mr. Manchanda's good-faith beliefs.

The point to be made with respect to Mr. Manchanda's statements being based upon his good-faith beliefs, is, among other things, that there is no element of dishonesty involved in Mr. Manchanda's conduct. The lack of dishonesty is relevant because it shows that Mr. Manchanda's conduct does not reflect adversely on his integrity or, consequently, on his fitness as a lawyer. *See* Rule 8.4(h), cited by the Committee in its opening letter and discussed herein, *infra.*

The fact that Mr. Manchanda was not representing any client or appearing before a tribunal as a lawyer with respect to any of the three complaints further supports that his conduct does not reflect adversely on his fitness as a lawyer.

While Mr. Manchanda recognizes that the views expressed in his are controversial, he is not required to temper his beliefs or reduce his public political dialogue to the lowest common denominator in order to avoid causing offense. Courtesy and civility may be virtues in a practicing lawyer, which the State might properly encourage through regulation. However, the State's

Remi Shea, Esq.
January 14, 2022
Page 6

interest in, and authority to, impose such standards on non-lawyerly, political and good faith speech as to pressing social matters, is difficult to discern.

### III. Mr. Manchanda's Statements In His Complaints Are Protected Under the First Amendment As Core Political Speech.

When speaking in an extrajudicial context (and not in court filings made in his capacity as a lawyer), Mr. Manchanda enjoys the same constitutional freedoms as would a non-lawyer. *See, e.g.,* Wolfram, *Modern Legal Ethics,* Ch. 12.2 "Lawyer's Extrajudicial Freedoms: Extrajudicial Expressive Rights of Lawyers", p. 632 ("In general, a lawyer enjoys the same rights as other citizens to speak or write on any matter, assuming that he or she plays no lawyerly role in the matter under comment. Particularly in matters of political concern, the courts have generally refused to relegate lawyers to a second-class citizenship with respect to expressive rights."); Margaret Tarkington, *A Free Speech Right to Impugn Judicial Integrity in Court Proceedings,* B.C. Law Review, Vol. 51:363, 368. (" ... attorneys are only allowed to file their statements in court on behalf of clients by virtue of being admitted to the bar of that court. [fn omitted] Thus the argument made by courts that an attorney agrees to certain restrictions on her speech as a condition of her license to practice law has greater appeal in the context of speech made in court filings than it has where an attorney makes statements in another forum open to public expression.").

Mr. Manchanda's Complaints (most particularly, his second and third complaints discussed above) concern social and political issues and he expressed those views in a public forum for the purpose of bringing about social and political change. Thus, his statements are "core political speech" which is afforded the highest level of constitutional protection (i.e., strict scrutiny). See *Meyer v. Grant,* 486 U.S. 414, 108 S. Ct. 1886, 100 L. Ed. 2d 425 (1988) (core political speech involves any "interactive communication concerning political change").

A strict scrutiny analysis requires the State to show that a restriction is necessary to further a compelling state interest and is narrowly tailored to achieve that end. See Ark, Writers Project v. Ragland, 481 U.S. 221, 231 (1987) Here, the State's interest, as far as can be discerned from the Committee's opening letter, appears to be no more than the punishment of what could be viewed as intemperate or arguably racist or anti-Semitic language. Even assuming that such a punishment would legitimately stem from the Committee's prerogative of disciplining lawyers for the protection of the public (which we don't think that it would in this context of Mr. Manchanda's extra-judicial, non-lawyerly statements), it is very certain that a prohibition on "intemperate" or arguably racist or anti-Semitic speech is not narrowly tailored to further that interest.

In a different context, the seminal Supreme Court decision in *New York Times v. Sullivan* found that strict scrutiny required a standard of "actual malice" when evaluating speech concerning public figures. Under this standard, the First Amendment protects even *false* speech about public figures, provided the speaker does not have "actual malice." Certainly, Mr. Manchanda's statements in his complaints should be held to a standard *not more oppressive* than the "actual malice" standard articulated in *Sullivan. Under such a standard, Mr. Manchanda's statements,*

*which he believes in good faith to be true as discussed above, are clearly protected and not subject to censorship or punishment by the State.*

Nor is it relevant whether Mr. Manchanda's views were solicited by the recipients of his complaints, particularly where the recipients are public agencies. Mr. Manchanda is free to circulate his statements in a public forum without regard to whether his views or opinions were requested. *See Buckley v. Valeo,* 424 U.S. 1, 96 S. Ct. 612, 46 L. Ed. 2d 659 (1976) (circulating handbooks and petitions, posting signs and placards, and making speeches and orations are all forms of core political speech. so long as they in some way address social or political issues, government officials or governmental activities). Thus the Grievance Committee, a State-designated forum for complaints and grievances of the people, should not be countenanced to complain that it does not wish to hear Mr. Manchanda's particular viewpoint.

As discussed above, Mr. Manchanda's extrajudicial statements made outside his capacity as lawyer are afforded the same constitutional protections as would be the statements of a non-lawyer. Even assuming, arguendo, that Mr. Manchanda's freedoms of expression were to be counterbalanced to some limited extent by the right of the State to regulate the legal profession – which we believe that it is not, in this extrajudicial context -- it is well recognized that a lawyer's criticism of the judicial system is a crucial freedom that is to be particularly protected. *See, e.g.,* Wolfram, Ch. 12.2, "Lawyers' Extrajudicial Freedoms", p. 636:

> "[The Supreme Court's] general approach to speech restrictions ... has been cautious and overtly protective of speech. Justice Holmes' famous aphorism about 'clear and present danger' has been refined by the Court ... in the context of decisions limiting the power of the state to proscribe criticism of judges or the judiciary. The Supreme Court has ... said that 'the operations of the courts and the judicial conduct of judges are matters of utmost public concern.' [Citing Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 840, 98 S.Ct. 1535, 1542, 56 L.Ed.2d 1473 (1959)]. The Court has also said that injury to the reputation of judges or of judicial institutions is an insufficient basis for state suppression of free expression. [citing 435 U.S. at 841-42, 98 S.Ct. at 1542-43]. To be sure, in 1959 five members of the Court, in In re Sawyer [360 U.S. 622, 79 S.Ct. 1376, 3 L.Ed.2d 1473], refused to extend the clear0and-present-danger test to extrajudicial comments by lawyers. And, from a narrow point of view, a system of adjudication would undoubtedly operate more smoothly if all persons, including lawyers, were prohibited from making any public comment. But the recent decisions of the Court dealing with free speech commentary on trials and with lawyer free speech in the area of lawyer advertising ... make it doubtful that the Court would resist the logic of extending significant constitutional protection to the extrajudicial comments of lawyers. The right should be limited only after a particularized showing of an inescapable need to impose a gag order or to impose retrospective sanctions in order to further a compelling state interest other than the suppression of free speech or press."

**IV.     Because No Disciplinary Rule Prohibits Mr. Manchanda's Expression of "Intemperate" Views In an Extra-Judicial, Non-Lawyerly Capacity, Due Process Precludes The Imposition of Discipline Upon Him.**

There is no disciplinary Rule which prohibits the expression of good-faith political views by a lawyer in the context of a complaint filed with government agencies in the lawyer's individual capacity, even where such views may be controversial or may be viewed as "intemperate" or even racist or anti-Semitic. Indeed, as discussed above, any such rule would clearly amount to an unconstitutional infringement on free speech protections.

The Rule cited in the Committee's opening letter, Rule 8.4(h), is a non-specific "catch-all" provision which does not afford notice of prohibited conduct and should not serve as the basis for the imposition of discipline against Mr. Manchanda. *See* Roy Simon, Simon's Rules of Professional Conduct Annotated (2014 Ed.), p. 1894 ("Rule 8.4[h] is seldom the sole basis for disciplinary charges against a lawyer. Rather, it is usually an add-on to other charges. Typically, a court first finds a violation of some other section of the Rules and then finds that the violation of the other section reflects negatively on the lawyer's fitness as a lawyer. When the courts do find a violation of Rule 8.4(h), the conduct tends to be egregious, often involvement some form of sexual misconduct.").

In the absence of any Rule prohibiting Mr. Manchanda's conduct, the imposition of discipline upon Mr. Manchanda would constitute an impermissible violation of due process – a further infringement upon Mr. Manchanda's constitutional rights. Indeed, it is well-recognized that attorney disciplinary proceedings are quasi-criminal in nature and, as such, lawyers are entitled to due process in the form of notice and opportunity to be heard. See In re Ruffalo, 390 U.S. 544 (1968).

**V.     Conclusion.**

Mr. Manchanda has led a storied life and, as is the case with all of us, his views and beliefs have been shaped by his experiences. These include experiences overseas and exposures to the inner workings of various political/power entities, as well as experiences as both a litigant and a lawyer of Indian descent within New York's city, state and federal judiciaries, for two decades.

With due respect to the Committee and its authority in the oversight of the legal profession for the protection of the public, Mr. Manchanda is NOT required to justify or provide evidentiary support for his social/political views or his criticisms of the judiciary, expressed in an extra-judicial, non-lawyerly capacity, in order to avoid sanction by this Committee. The State and its agencies are not the arbiter of what views he is entitled to express without fear of punishment. It must be enough to say that Mr. Manchanda believes in good faith that his various statements are true; and that his complaints that are the focus of the Committee's investigation are part of Mr. Manchanda's efforts to speak truth to power in order to bring about a positive change in the system.

Remi Shea, Esq.
January 14, 2022
Page 9

       Finally, it is appropriate to note that Mr. Manchanda fully agrees that racism is a serious problem within New York's judicial system. In fact, Mr. Manchanda's complaints that are the subject of the Committee's investigation complain of exactly that – institutional prejudice within the justice system and inequal access to justice for litigants of certain races or ethnic backgrounds. The complaints express Mr. Manchanda's deep concern that the predominance of Jewish attorneys and judges in New York's judicial system, including the Federal Courts, results in disparate treatment and inequal access to justice for non-Jewish litigants such as Mr. Manchanda, who is a brown American of Indian descent. Accusing Mr. Manchanda of racism or anti-Semitism based upon those complaints is, therefor, sadly ironic.

       For all of the reasons discussed above, we respectfully submit that the Committee's *sua sponte* investigation of Mr. Manchanda should be closed without further action by the Committee.

                      Respectfully yours,

                      Kelly L. McCollum

Remi Shea, Esq.
January 14, 2022
Page 10

## **VERIFICATION**

I have read the above Answer of my attorney, Kelly McCollum, and I confirm the accuracy thereof and adopt and approve of its contents.

_____
Rahul D. Manchanda

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST JUDICIAL DEPARTMENT

| | |
|---|---|
| In the Matter of an Investigation of the Attorney Grievance Committee for the First Judicial Department into the | *JUDICIAL SUBPOENA AD TESTIFICANDUM* |
| Professional Conduct of An Attorney and Counselor-at-Law | Docket No.: 2021.1336 |

## *The People of the State of New York*

TO    Rahul D. Manchanda, Esq.
      C/O Kelly McCollum, Esq.
      PO BOX 432
      Old Lyme, CT  06371
      kelly@law-mccollum.com

WE COMMAND YOU, that all business and excuses being laid aside, you appear and attend before the Attorney Grievance Committee for the First Judicial Department, 180 Maiden Lane, New York, New York 10038, on the 25th day of February,  2022, at 10:00 AM, and at any recessed or adjourned date to give testimony in this investigation into the professional conduct of an attorney and counselor-at-law.

☒ **Personal appearance is required.**

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed one hundred and fifty dollars ($150) and damages sustained by reason of your failure to comply.

WITNESS, Honorable Rolando T. Acosta, Presiding Justice of said Court, at 27 Madison Avenue,  New York, New York 10010, on the  18th  day of  February   , 2022.

SUSANNA MOLINA ROJAS
CLERK OF THE COURT

Subpoena returnable to:
Jorge Dopico, Chief Attorney
Attorney Grievance Committee
First Judicial Department
180 Maiden Lane - 17th Floor
New York, New York 10038
Telephone No.: (212) 401-0800
Attention: Remi E. Shea, Esq.